# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. **07-cv-01146 WYD-BNB**

JAMES RIVER INSURANCE COMPANY, an Ohio Corporation,

Plaintiff,

v.

RAPID FUNDING, LLC, a Colorado Limited Liability Company,

Defendant.

---

## ~~STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER~~ STIPULATED PROTECTIVE ORDER

---

To expedite the flow of discovery material, facilitate the prompt resolution of discovery disputes, and protect the confidentiality of documents produced or information disclosed, the production of which could harm a party's competitive standing, ~~Defendant/Counter-Claimant Rapid Funding, and Plaintiff James River, stipulate as follows~~ **IT IS ORDERED**:

The parties will follow the procedures set forth in this Stipulated **Protective** ~~Confidentiality Agreement and~~ Order (the **"Protective Order"** ~~"Confidentiality Order" or "Confidentiality Stipulation"~~) with respect to the disclosure of information, documents, or things pertaining to James River rating guides and charts, premium calculations and pricing used for underwriting property and casualty risks; ~~and respectfully request that the Court make this stipulated Confidentiality Agreement and Order an order of the Court.~~

1. **Confidential Information.**

(a) As used in this ~~Confidentiality~~ **Protective** Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean any information, document, or thing, pertaining to James River's rating guides and charts, premium calculations and pricing used for underwriting property and casualty risks **which is subject to protection pursuant to Fed. R. Civ. P. 26(c)(1)(G) or otherwise according to law and** that James River (the "Designating Party") furnishes in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION ~~pursuant to Sections 1(b) and (d) below~~.

(b) The Designating Party may designate as CONFIDENTIAL INFORMATION excerpts of: its deposition transcript; the deposition transcripts of its employees; the deposition transcripts of experts; answers to interrogatories; responses to requests for admission; documents produced in response to requests for production of documents, subpoenas duces tecum, or otherwise; or any other CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon each page of the document, taking care to avoid obscuring any text, before providing it to the opposing party. Documents marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Recipient Party"), its agents, or its employees, except in accordance with the terms of this ~~Confidentiality~~ **Protective** Order.

(c) In the case of CONFIDENTIAL INFORMATION in a non-paper medium, e.g., video or audio tape, computer disks, CD-ROMS, DVDs, etc., the Designating Party may designate all information therein as CONFIDENTIAL by affixing a label stating the same to the outside of the medium or container if the entire item includes only CONFIDENTIAL

INFORMATION; otherwise, the particular excerpts thereof that include CONFIDENTIAL INFORMATION must be stamped CONFIDENTIAL or otherwise identified in writing by the Designating Party as CONFIDENTIAL.

(d) To designate a portion of a deposition transcript as CONFIDENTIAL, a Designating Party may either make a statement on the record to that effect or must, within thirty (30) days after the deposition transcript is delivered to the Designating Party, provide all counsel written notice identifying the specific pages of the deposition transcript the Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION. All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until expiration of the thirty (30) day period. The portions so designated shall not be utilized or disclosed by either party, its agents, or its employees, except in accordance with the terms of this ~~Confidentiality~~ **Protective** Order. All parties shall mark their copies of the transcript by stamping the word "CONFIDENTIAL" upon every page so designated.

(e) Unless a privilege applies apart from this ~~CONFIDENTIALITY AGREEMENT~~ **Protective Order**, documents, testimony, evidence, and other matters shall not be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter:

(i) does not constitute a trade secret or other CONFIDENTIAL INFORMATION;

(ii) is, at the time of disclosure by the Designating Party, already in the possession of Recipient Party; or

(iii) has been made available to the Recipient Party, other than through the discovery process, by a third party who obtained the same by legal means without any obligation of confidence to the Designating Party.

(f) Inadvertent production of any information, document, transcript, or thing without designation of CONFIDENTIAL shall not in and of itself be deemed a waiver of the Designating Party's claim of confidentiality as to such matter.  If any information, document, transcript, or thing claimed to be CONFIDENTIAL is inadvertently produced without that designation, the Designating Party shall notify Recipient Party immediately upon discovering the inadvertent production without the CONFIDENTIAL designation.  All parties shall use their best efforts to protect the confidentiality of that information.  Upon receipt of notice that CONFIDENTIAL INFORMATION was produced inadvertently without an appropriate initial designation of confidentiality, the Recipient Party shall thereafter (1) treat such information as CONFIDENTIAL INFORMATION pursuant to the terms of this ~~Confidentiality~~ **Protective** Order, and (2) shall use its best efforts to retrieve such materials or correct the effects of any use or disclosure of such CONFIDENTIAL INFORMATION based upon the earlier mistake view that such materials were not confidential.

(g) CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

(i) the attorneys for the Recipient Party in this litigation, and any paralegals and staff who are assisting the attorneys in the litigation;

(ii) officers, directors and/or employees of the Recipient Party who have responsibility for assisting their counsel in this litigation;

(iii) court reporters, court officials, and the jury involved in this litigation; and

(iv) experts, investigators and their staff who are retained by any party for purposes relating to this litigation and who have executed a Confidentiality Agreement in the form attached as Exhibit A.

CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including for any other litigation, whether on the same issues in this case or others, or for any business or personal purpose. Nothing in this ~~Confidentiality Stipulation~~ **Protective Order** shall prevent the Designating Party from any use of its own confidential documents. CONFIDENTIAL INFORMATION may not be disclosed to the persons described in category (iv) above unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent. Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure area, and the recipient shall exercise due and proper care with respect to the storage, custody, access, and use of all such information. In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this ~~Confidentiality~~ **Protective** Order to the same extent as the information or document from which any summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

(h) CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this lawsuit. All such copies or reproductions shall be subject to the terms of this ~~Confidentiality~~ **Protective** Order.

(i) If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in paragraph 1(g) above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed a Confidentiality Agreement in the form attached as Exhibit A, unless the Court rules otherwise.

**2. No Waiver.**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this ~~Confidentiality~~ **Protective** Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

**3. Use in Depositions.**

Material designated as CONFIDENTIAL may be used at a deposition of a person other than a James River officer, director or employee if: (a) the person being deposed is an officer, director, employee or expert of Rapid Funding, or the person being deposed is an expert of James River; (b) counsel for the party using such material advises the witness of the terms of this ~~Confidentiality Stipulation~~ **Protective Order**; and (c) the witness executes the Confidentiality Agreement in the form of Exhibit A. If the witness declines to execute the Confidentiality Agreement, the party seeking to use such CONFIDENTIAL INFORMATION must obtain leave from the Court before disclosing the material to the witness.

**4.     Use in Briefs and as Exhibits.**

If any document containing CONFIDENTIAL INFORMATION produced in this litigation is to be filed as an exhibit to any court record or pleading, or otherwise placed among the court papers in this litigation, the party filing the material shall submit the document containing CONFIDENTIAL INFORMATION under seal, in accordance with Court procedures therefor.

**5.     Application of this Confidentiality Order.**

Nothing in this ~~Confidentiality~~ **Protective** Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION.

**6.     Confidentiality Challenge.**

The Recipient Party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice of the objection to the Designating Party within ten (10) business days of receipt of the material the Designating Party has designated as CONFIDENTIAL INFORMATION.  The written notice shall identify the information to which objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the written notice of objection is received, it shall be the obligation of the Designating Party to file an appropriate motion requesting that the Court determine whether the disputed information shall be treated as CONFIDENTIAL under the terms of this ~~Confidentiality~~ **Protective** Order.  If such motion is timely filed, the disputed information shall be treated as

CONFIDENTIAL under the terms of this ~~Confidentiality~~ **Protective** Order until the Court rules on the motion.  If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this ~~Confidentiality~~ **Protective** Order.  In connection with a motion filed under this provision, the Designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

7. **Confidential Information at Trial.**

The designation of information, documents, or things as CONFIDENTIAL pursuant to this ~~Confidentiality~~ **Protective** Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation.  Nothing in this ~~Confidentiality~~ **Protective** Order, however, shall preclude any party from seeking confidential treatment from the Court at trial with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation, objections concerning admissibility, materiality, and privilege.  The parties to this ~~Confidentiality~~ **Protective** Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial.  Special procedures or in camera treatment, if any, shall be determined in the future.

**8.     Specific Disclosure.**

By joint agreement, the parties, through their undersigned counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice to the continued application of this ~~Confidentiality~~ **Protective** Order regarding other uses of that CONFIDENTIAL INFORMATION.

**9.     Modification.**

This ~~Confidentiality~~ **Protective** Order may be modified only by Order of the Court.

Dated May 6, 2008.

                                        BY THE COURT:

                                         s/ Boyd N. Boland
                                        United States Magistrate Judge

Dated: April 30, 2008

BURG SIMPSON
ELDREDGE HERSH & JARDINE, P.C.  SNELL & WILMER, L.L.P.


*s/ Thomas W. Henderson*  *s/Kyle Seedorf*
Thomas W. Henderson, Esq.  Kyle Seedorf, Esq.
40 Inverness Drive East  1200 17th Street, Suite 1900
Englewood, CO, 80112  Denver, CO 80202
(303) 792-5595  (303) 634-2146
*Attorney for Defendant*  *Attorney for Plaintiff*
*Rapid Funding, LLC*  *James River Insurance Company*

**EXHIBIT A**

**AGREEMENT**

      I,[NAME], hereby acknowledge that I have received a copy of the Stipulated Confidentiality Agreement and Order dated [DATE OF ORDER] in the action James River Insurance Company v. Rapid Funding, LLC, Case No. 07-cv-01146 WLD-BNB, in the United States District Court for the District of Colorado, that I have read the Confidentiality Order, and that I agree to be bound by its terms. I further submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of this Agreement.

                                                               _____
                                                               [NAME]