IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 07-cv-01146-CMA-BNB

JAMES RIVER INSURANCE COMPANY, an Ohio corporation,

    Plaintiff,

v.

RAPID FUNDING, LLC, a Colorado Limited Liability Company,

    Defendant.

**ORDER REGARDING PLAINTIFF'S AMENDED MOTION TO BIFURCATE AND DEFENDANT'S MOTION FOR LEAVE TO PROCEED FIRST AND LAST AT TRIAL**

This matter is before the Court on Defendant/Counterclaimant Rapid Funding, LLC's Motion to Proceed First and Last at Trial (Doc. # 100) and Plaintiff James River Insurance Company's Amended Motion to Bifurcate (Doc. # 101).[1] Based on the parties' briefs and their arguments at the December 22, 2008 hearing, for the reasons described below, the Motion to Proceed First and Last at Trial is GRANTED and the Motion to Bifurcate is DENIED.

## BACKGROUND

This is an insurance coverage dispute over the pre-fire value of a burned-down building in Wyoming, Michigan. It suffices to say that the parties disagree over the amount of insurance coverage available for the "North Building," which burned down in

---

[1] James River's Motion to Bifurcate (Doc. # 99) has been superceded by the Amended Motion, and, for that reason, is DENIED AS MOOT.

January 2007. Rapid Funding owned the North Building and insured it with James River under Policy No. 00019308 (the "Policy") at the time of the fire. When the parties could not resolve their dispute over the pre-fire value informally, James River filed a Complaint seeking a declaratory judgment that the value of the now-worthless North Building was zero or less than zero before the fire. The result of James River's preferred valuation would be that James River would owe Rapid Funding nothing more than the $200,000 it has already paid for demolition and fire department services. In response, Rapid Funding contends that the North Building had a pre-fire value of over $4.4 million and that it is entitled to policy limits of $3 million. It asserted three counterclaims: breach of contract, breach of good faith and fair dealing ("GFFD") and violation of the Colorado Consumer Protection Act ("CCPA").

After discovery closed, James River filed two motions for summary judgment seeking to get rid of Rapid Funding's counterclaims (Doc. ## 70 & 71) and a *Daubert* motion to exclude the testimony of Rapid Funding's valuation expert, Andrew Miller (Doc. # 72). James River also filed a Motion to Bifurcate (Doc. # 99) which Rapid Funding immediately followed with a Motion to Proceed First and Last at Trial (Doc. # 100). Two days later, James River filed an Amended Motion to Bifurcate (Doc. # 101). The Court heard oral arguments concerning each of these motions at a hearing on December 22, 2008. At this point, the Court has taken the motions for summary judgment under advisement and has scheduled a *Daubert* hearing for February 13, 2009 (Doc. # 116).

## MOTION TO BIFURCATE AND MOTION TO PROCEED FIRST AND LAST

In the Amended Motion to Bifurcate, James River asks the Court to bifurcate James River's declaratory judgment claim from Rapid Funding's counterclaims pursuant to Fed. R. Civ. P. 42(b). James River argues that holding a trial solely on its declaratory judgment claim, where the pre-fire value of the North Building would be the only issue, will enhance judicial efficiency by potentially foreclosing the need for or streamlining the presentation of evidence on Rapid Funding's counterclaims. James River also argues bifurcation would avoid prejudice to James River that might result from a jury hearing about the counterclaims.

Rapid Funding does not want separate trials. It argues that the issues in James River's declaratory judgment action and its own counterclaims are so intertwined that it would be prejudiced if the Court held separate trials. Instead, Rapid Funding asks the Court to allow it to present evidence first and last at trial, even though James River filed the Complaint in this lawsuit. In support of its motion, Rapid Funding contends that it has the burden of proof on the determinative issues in the case – namely the pre-fire value of the North Building – and, therefore, the Court should reverse the presumptive order of presentation.

James River responds that, at a minimum, it shares the burden of proof with Rapid Funding and that Rapid Funding's request amounts to improper strategic posturing in an attempt to prejudice James River.

## ANALYSIS

**I.     Standard of Review**

Federal Rule 42(b) states: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims or third-party claims." The district court has discretion to order separate trials pursuant to Federal Rule 42(b). *See Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1285 (10th Cir. 1999); *FDIC v. Everett A. Holseth & Co.*, 36 F.3d 1004, 1008 (10th Cir. 1994). Although the trial court has discretion to order separate trials, that does not mean that severance is the norm or even a common occurrence. *See, e.g.,* Fed. R. Civ. P. 42(b) advisory comm. notes (noting that bifurcation should not be "routinely ordered," but, "it is important that it be encouraged where experience has demonstrated its worth"); *L-3 Comms. Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 382 (S.D.N.Y. 2005) ("Bifurcation is the exception; not the rule."); *ABB Indus. Sys., Inc. v. Prime Tech., Inc.*, 32 F. Supp. 2d 38, 43-44 (D. Conn. 1998) ("the separation of issues for trial is not to be routinely ordered"). Separation must further the goals of Federal Rule 42(b); the parties' desire to proceed in a certain order is not paramount. *See York v. AT&T*, 95 F.3d 948, 957-58 (10th Cir. 1996) ("Such decisions [on bifurcation] must be made with regard to judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury."); 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2388 ("Rule 42(b) should be resorted to only as the result of the exercise of

4

informed discretion when the district judge believes that separation will achieve the purposes of the separate trial rule."). As Federal Rule 42(b) makes clear, in no circumstance can a court deny a party's right to a jury trial. Fed. R. Civ. P. 42(b). A logical extension of this rule is that severance under Rule 42(b) should not prejudice one party. *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

## II.     James River Cannot Show that Bifurcation Is Warranted In This Case

James River's primary contention in favor of bifurcation is that a separate trial on the value of the North Building may negate the need for trial on Rapid Funding's counterclaims because the counterclaims turn on whether James River or Rapid Funding has the more appealing valuation theory. This argument has some initial appeal but is not enough to carry the day. Both parties recognize that the key issue in this case is the pre-fire value of the North Building. However, the centrality of this one issue to both the declaratory judgment claim and the remaining counterclaims leads the Court to conclude that bifurcation would not further the goals set out in Federal Rule 42(b).

Here, James River has not persuaded the Court that bifurcation will result in measurable gains in convenience, efficiency or a reduction in prejudice. This case does not involve multiple, tenuously related counterclaims that would require a platoon of additional witnesses and mountains of additional exhibits. Proof of Rapid Funding's counterclaims will require testimony from witnesses who will testify on the valuation issue that James River seeks to carve out for separate trial. Thus, the time and

5

resources that might potentially be saved during the first trial, if the Court bifurcates James River's declaratory judgment claim from Rapid Funding's counterclaims are not that great and do not warrant departure from standard procedure.

Additionally, James River has not convinced the Court that a separate trial on Rapid Funding's counterclaims could go forth without substantial presentation of duplicative evidence. If the Court excluded evidence on the valuation issue in a second trial, as James River asks it to do, Rapid Funding would be incurably prejudiced in its ability to prosecute its counterclaims. Conversely, if the Court allowed a full presentation of evidence on the valuation issue, the second trial would mimic the first, there would be no gain in convenience or efficiency and Rapid Funding may be prejudiced by having the jury decide the same issue twice. This Catch 22 of prejudice or inefficiency militates against bifurcation.

## III. RAPID FUNDING CAN PROCEED FIRST AND LAST AT TRIAL

The Court now turns to Rapid Funding's request to proceed first and last at trial. Rapid Funding argues that James River has sought a "procedural remedy" only and, accordingly, James River does not have the burden of proof on any dispositive issue. James River contends that it shares the burden with Rapid Funding to prove the actual cash value of the North Building under its declaratory judgment claim and, therefore, the Court should maintain the presumptive, plaintiff-first order at trial.

This Court has wide discretion to determine how it will conduct trials. *See Glenn v. Cessna Aircraft Co.*, 32 F.3d 1462, 1464 (10th Cir. 1994) ("Generally, matters relating

6

to the conduct of the trial, such as the time allotted for opening statement and closing argument, are reserved to the broad discretion of the trial judge."); *Blair v. Eagle-Picher Indus., Inc.*, 962 F.2d 1492, 1500 (10th Cir. 1992) ("It is axiomatic that the trial court has considerable discretion in determining how a trial is to be conducted."). Usually a plaintiff proceeds first and has the opportunity to reply but courts have reversed this order when the defendant has the burden of proof. *Montwood Corp. v. Hot Spgs. Theme Park Corp.*, 766 F.2d 359, 364 (8th Cir. 1985) (party with burden of proof "properly was allowed to open closing arguments"). In this diversity case, state law determines which party has the burden of proof in an insurance case. *See Utah Farm Bureau Ins. Co. v. Dairyland Ins. Co.*, 634 F.2d 1326, 1327 -28 (10th Cir. 1980).

As the party seeking to show that insurance should apply to a loss, Rapid Funding has the burden of proof under Colorado law. *See Colorado Intergovernmental Risk Sharing Agency v. Northfield Ins. Co.*, 2008 WL 2837517, *2 (Colo. Ct. App. July 24, 2008) ("The insured must demonstrate causation necessary to bring a loss within the limits of the insurance contract's coverage"); *Sylvester v. Liberty Life Ins. Co.*, 42 P.3d 38, 39 (Colo. Ct. App. 2001) (holding that insured had burden of proving coverage under the policy). Although James River won the race to the courthouse and would be wise to present some evidence on the pre-fire value of the North Building, these facts do not alter the burdens in this case. *See Utah Farm Bureau Ins.*, 634 F.2d at 628 (holding under Utah law that defendant had burden to establish insurance coverage despite fact that plaintiff had filed declaratory judgment claim). Had James River

7

argued that an exclusion in the Policy applied, this result might change, but James River is not relying on an exclusion. See *Massingill v. State Farm Mut. Auto. Ins. Co.*, 176 P.3d 816, 824 (Colo. Ct. App. 2007). Thus, the Court will reverse the presumptive order of presentation at trial in this matter and allow Rapid Funding to proceed first and last at trial.

Accordingly, for the reasons described above, it is

ORDERED that James River's Motion to Bifurcate (Doc. # 99) has been superceded by the Amended Motion, and, for that reason, is DENIED AS MOOT. It is

FURTHER ORDERED that James River's Amended Motion to Bifurcate (Doc. # 101) is DENIED. It is

FURTHER ORDERED that Rapid Funding's Motion to Proceed First and Last at Trial (Doc. # 100) is GRANTED.

DATED: December 23, 2008

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge